IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LARRY L. MCCARTY, SR.**                                                                      **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 2:06cv113-MTP**

**BILLY MCGEE and GLEN NOBLES**                                                **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [36] filed by defendants Billy McGee, Sheriff of Forrest County, and Sergeant Glen Nobles, seeking judgment in their favor on claims raised against them by the *pro se* plaintiff's civil rights complaint. Having reviewed the submissions of the parties and the applicable law, the court finds that the Motion [36] should be GRANTED and that the plaintiff's claims should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff Larry L. McCarty, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on April 28, 2006. Plaintiff asserts claims against defendants in their official capacities[1] relating to his conditions of confinement while he was a pretrial detainee at the Forrest County Jail (the "Jail").[2]

Specifically, plaintiff complains that he had to share a tube of toothpaste with over twenty inmates, which exposed him to "all kinds of diseases." *See* Complaint [1] at 6. He further claims that the shower he was forced to share with other inmates is polluted and covered in mold

---

[1] In his complaint, plaintiff claims that Sheriff Billy McGee is "responsible because he is CEO of this jail and as such sets policy." *See* Complaint [1] at 6. Likewise, he states that Sergeant Glen Nobles is responsible because "he is the administrator of this jail and is the man that has not answered my grievance forms." *Id.*

[2] It appears from the docket that plaintiff is no longer an inmate at the Jail.

and fungus, causing him and several other inmates to catch athlete's foot and ringworm. He also alleges that the Jail is overcrowded, which further complicates the problems described above and forced him to sleep on the cement floor.

In his complaint, plaintiff requests monetary relief in the amount of $60,000.00, and the following injunctive relief: a tube of toothpaste for each individual inmate; a clean environment to live in; a complete investigation of the Jail, policy and administration by an outside institution. *See* Complaint [1] at 7. However, plaintiff concedes that his request for injunctive relief is now moot, since he is no longer incarcerated at the Jail. *See* Response [41] at 1.

On April 30, 2007, defendants filed their Motion for Summary Judgment [36]. Because plaintiff failed to timely respond to defendants' motion, the court entered an Order [38] directing the plaintiff to respond to the motion by June 15, 2007. The plaintiff filed his Response [41] in opposition to the motion on or about June 18, 2007. Defendants filed their Reply [42] on June 25, 2007.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials such as defendants may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

With this legal framework in mind, the court will address plaintiff's claims.

<u>Conditions of Confinement</u>

Plaintiff alleged that he had to share a tube of toothpaste with over twenty inmates, which exposed him to "all kinds of diseases." *See* Complaint [1] at 6. He further claims that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him and several other inmates to catch athlete's foot and ringworm. He also alleges that

3

the Jail is overcrowded, which further complicates the problems described above and forced him to sleep on the cement floor.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). "A pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (internal quotations and citations omitted). Under the reasonable relationship test set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979), "a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." *Hare*, 74 F.3d at 640.

Plaintiff's claim that he was forced to share a tube of toothpaste with over twenty inmates, which exposed him to diseases, does not amount to a constitutional violation. Applying the *Bell* test, providing the inmates with large tubes of toothpaste to share was reasonably related to a legitimate governmental purpose. As stated in the affidavit of Billy McGee, the Jail did not provide individual tubes of toothpaste to each inmate for "economic reasons and administrative ease." *See* Ex. F [37-2] at 36. Further, during his *Spears*[3] hearing, plaintiff did not claim that he was denied access to toothpaste; rather, he complains that he did not have his own tube. (Tr. 4.) In addition, the sworn testimony of Billy McGee and Glen Nobles establishes that individual tubes of toothpaste were available for purchase in the Jail's canteen. *See* Exs. F and G [37-2] at 35-39. Finally, plaintiff does not claim that he actually contracted any diseases from sharing the tubes of toothpaste with other inmates, but that he was "exposed" to such diseases. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001) (holding that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), bars recovery for mental and emotional damages for fear of exposure to

---

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

contractible diseases).

Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation. (Tr. 5.) Plaintiff has failed to show that such conditions amounted to punishment and were not reasonably related to a legitimate governmental purpose. *See Lee v. Hennigan*, 98 Fed. Appx. 286, 287-88 (5th Cir. 2004) (affirming dismissal of claim regarding the unsafe condition of shower facilities, where plaintiff failed to allege "the shower design [was] punitive and not reasonably related to a legitimate governmental objective"); *see also Carter v. Lowndes County*, 89 Fed. Appx. 439, No. 03-60188, 2004 WL 393333, at *1 (5th Cir. Jan. 23, 2004) (dismissing conditions of confinement claim for solitary confinement in an unsanitary cell and denial of shower privileges, where plaintiff failed to show that conditions amounted to punishment and were not incident to some other legitimate governmental purpose); *Mahmoud v. Bowie*, 234 F.3d 29, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000) (dismissing plaintiff's claim for unsanitary shower conditions, holding that such claim was conclusional and/or *de minimis* and did not rise to the level of a constitutional violation).

The sworn testimony of Glen Nobles and Billy McGee establishes that it is the policy of the Jail for the inmates to clean their cells, cellblocks, bathrooms, and showers immediately following breakfast each day in order to maintain proper sanitation, and that necessary cleaning supplies are made available to each cell block following breakfast each morning. *See* Exs. F and G [37-2] at 35-39. "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee*, 98 Fed. Appx. at 288 (citing *Bell*, 441 U.S. at 537, 539).

Plaintiff's claim that the Jail is overcrowded, which further complicates the problems described above and forced him to sleep on the cement floor, also fails to amount to a

5

constitutional violation. Plaintiff testified during his *Spears* hearing that he was provided a mattress to sleep on. (Tr. 6.)

"Overcrowding of persons in custody is not *per se* unconstitutional." *Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981)). Rather, the constitution only prohibits the "imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Collins*, 382 F.3d at 540 (quoting *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)). Plaintiff has failed to show that the overcrowding of the Jail, which deprived him of an elevated bed, amounted to punishment and was not reasonably related to a legitimate governmental purpose*. See Collins*, 382 F.3d at 545-46 (holding that while the jail exceeded capacity during the plaintiffs' stay, the plaintiffs failed to show that the alleged "unsuitable conditions" amounted to punishment in violation of the Fourteenth Amendment, where the defendants offered "legitimate, practical concerns reasonably related to the overcrowding conditions . . . [that] easily [met] the deferential, rational basis *Bell* test"). The sworn testimony of Glen Nobles and Billy McGee establishes that the Jail had an increase in population after Katrina; accordingly, they were not able to provide every inmate with an elevated bed. *See* Exs. F and G [37-2] at 35-39. However, their sworn testimony also establishes that each prisoner was provided a mat to sleep on, as admitted by the plaintiff during his *Spears* hearing. *See* Exs. F and G [37-2] at 35-39; Tr. 6. The plaintiff does not enjoy a constitutional right to an elevated bed. *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (stating that the court was unaware of any authority for the proposition that the Constitution requires elevated beds for prisoners). Accordingly, plaintiff's claim must fail.

For the reasons set forth above, plaintiff's conditions of confinement claims fail as a

matter of law.[4]

## CONCLUSION

For the reasons stated above, the court finds that defendants' Motion for Summary Judgment [36] is GRANTED and that plaintiff's claims are dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 5th day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[4]To the extent plaintiff asserts claims against defendants in their individual capacities, defendants claim that they are entitled to qualified immunity. *See* Memorandum [37] at 9-18. However, because the plaintiff's allegations fail to establish constitutional violations, the court does not reach the issue of qualified immunity. *See Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)) (stating that "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s][are] entitled to dismissal on that basis").